UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CARLOS RODRIGUEZ,

                Petitioner,

        - v. -                             07 Civ. 9272 (RJH) (PED)

JOSEPH SMITH, Superintendent,              **MEMORANDUM**
                                                           **OPINION AND ORDER**
                Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Richard J. Holwell, District Judge:

       Petitioner Carlos Rodriguez petitions for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  Petitioner was convicted of second-degree depraved indifference murder.  The Appellate Division, Second Department modified the conviction and reduced it to second-degree manslaughter.  Petitioner seeks relief from the modified conviction on the ground that there was insufficient evidence to support the conviction beyond a reasonable doubt.  Magistrate Judge Paul E. Davison issued a Report and Recommendation on April 14, 2011 advising that the petition should be denied.  Having reviewed the report, the record, and petitioner's objections, the Court concludes that the petition should be denied and Magistrate Judge Davison's report should be adopted in its entirety.

## BACKGROUND

       Petitioner's conviction arose out of a incident which occurred while he was incarcerated at Sing Sing Correctional Facility in Ossining, New York.  According to Petitioner's post-arrest statement, made after receiving warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), an inmate who had previously made verbal sexual advances to Petitioner made physical sexual contact with Petitioner on November 4,

1

1997.  Fearing that he would be the victim of a forcible sexual encounter, Petitioner chased the inmate with a sharpened metal shank and stabbed him the chest, back, and arm.  The inmate later died from his injuries.  In his post-arrest statement, Petitioner stated that he "didn't mean to kill" the fellow inmate.

Petitioner was indicted for first degree murder, second degree murder, and first degree manslaughter.  A jury acquitted Petitioner of first degree murder but convicted him of second degree murder.  On March 23, 1999, Petitioner was sentenced to twenty-five years to life imprisonment.

The Appellate Division, Second Department, modified the conviction.  *See People v. Rodriguez*, 826 N.Y.S.2d 271 (2d Dep't 2006).  The Appellate Division held that, based on the evidence adduced at trial, "there was a valid line of reasoning and permissible inference that could have led a rational person to conclude, as the jury here unanimously did, that the killing was reckless rather than intentional."  *Id.* at 273.  However, New York law requires the state to prove beyond a reasonable doubt that "[u]nder circumstances evincing a depraved indifference to human life," the defendant "recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person. . . ."  N.Y. Penal Law § 125.25(2).  Accordingly, the Appellate Division noted that, under New York law, "reckless homicide cannot be elevated into depraved indifference murder merely because the actions of the defendant created a risk of death, however grave or substantial that risk may have been."  826 N.Y.S.2d at 273.  And on the facts of Petitioner's case, the Appellate Division held that "although the evidence here was legally sufficient to establish that the defendant caused the death of the deceased recklessly, it was not legally sufficient to prove that he

2

did so under circumstances evincing a depraved indifference to human life." *Id.* Accordingly, the Appellate Division reduced the conviction from second degree murder to second degree manslaughter.

Petitioner was re-sentenced to seven and a half to fifteen years imprisonment. Petitioner sought leave to appeal the Appellate Division's decision, but the Court of Appeals denied the application without opinion. *See People v. Rodriguez*, 872 N.E.2d 889 (N.Y. 2007).

On September 17, 2007, Petitioner filed the instant petition for a writ of *habeas corpus* on the ground that the evidence adduced at trial was insufficient for any jury to find beyond a reasonable doubt that Petitioner was guilty of second degree manslaughter. On April 13, 2011, Judge Paul E. Davison issued a Report and Recommendation [15] ("the Report"), advising that the petition should be denied. Rodriguez submitted objections to the Report on April 26, 2011.

## LEGAL STANDARD

A district court judge may designate a magistrate to hear and determine certain motions and to submit to the court proposed findings of fact and a recommendation as to the disposition of the motion. *See* 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. *Id.* Upon review of those portions of the record to which objections were made, the district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Where timely objections are made, the court is required to "make a *de novo* determination of those portions of a report . . . to which objection is made." *Id.*; *see also*

*United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  But "when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002).

## DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996,

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Rodriguez's challenge to the sufficiency of the evidence implicates the latter standard since it contests the state court's application of the federal constitutional right not to be convicted except on the basis of evidence beyond a reasonable doubt to the evidentiary record in the state trial court.  Even on direct appeal, "[a] defendant raising a sufficiency challenge . . . bears a heavy burden because a reviewing court must consider the evidence in the light most favorable to the prosecution and uphold the conviction if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Aguilar,* 585 F.3d 652, 656 (2d Cir. 2009) (internal citations omitted, emphasis in original).  That burden is all the heavier on *habeas* review where the petitioner must demonstrate that the state court's decision was "unreasonable."

4

The Report concluded that "[t]he record indicates that there was sufficient evidence from which a rational jury could find beyond a reasonable doubt that Petitioner had acted with a reckless mental state." (Report at 13.)  In reaching that conclusion, the Report cited *McMillon v. Culley*, 380 Fed Appx. 63 (2d Cir. 2010), *cert. denied*, 131 S.Ct. 426 (2010), a case closely on point.  In *McMillon*, the petitioner became involved in an altercation with another man and then shot the man through the heart from a distance of more than five feet.  The petitioner "later told the police that he did not mean to kill or hurt anyone, that he had felt threatened and believed the victim was armed, that he intended only to scare the victim, and that his weapon had just gone off." *People v. McMillon,* 816 N.Y.S.2d 167, 170 (2d Dep't 2006); *see McMillon*, 380 Fed Appx. at 65 ("Here, McMillon's confession stated, 'By no means did I wish for this to happen,' and 'All I intended to do was scare him away and I never intended to hurt anyone. Things just got out of control.'").

"Concluding that the jury properly found recklessness but that there was insufficient evidence of depraved indifference, the Appellate Division reduced McMillon's conviction to second-degree manslaughter and, as modified, affirmed." *Id.* at 64; *see People v. McMillon,* 816 N.Y.S.2d 167.  Like Petitioner here, the petitioner in McMillon argued that "the state court unreasonably applied the rule of constitutional sufficiency because the trial evidence could not support a finding of the recklessness required for second-degree manslaughter, but only of the intentional killing required for second-degree murder, a crime of which he stands acquitted." *McMillon*, 380 Fed Appx. at 64 (internal citations omitted).  In rejecting that argument, the Second Circuit held that, "[i]n the context of a heated and uncertain encounter," the petitioner's statements

regarding his intent "[we]re sufficient to support a finding that [the petitioner] acted recklessly rather than with a specific intent to kill when he shot [the other man]." *Id.* at 65.

In his objections, Petitioner argues that *McMillon* is distinguishable because the petitioner there "did not inten[d] to hurt the victim in his case" whereas Petitioner here "premeditated the intent to cause serious physical injury to the victim in his case," an intent he claims is demonstrated by his "repeatedly stabbing and chasing the victim until the victim laid lifeless on the ground." (Pet'r's Objections at 10.) In other words, Petitioner argues that while second degree manslaughter is the crime of "recklessly caus[ing] the death of another person," N.Y. Penal Law § 125.15(1), he was more than reckless: he intended to cause harm and was reckless that he would end up causing death.

It is true that proof of a more culpable intent does not always support a conviction for a less serious crime. "As a general proposition, a person cannot cause another's death both intentionally and recklessly because a person cannot intend to cause death and at the same time consciously disregard a risk that he or she will succeed in doing so." *People v. McMillon,* 816 N.Y.S.2d at 171. Accordingly, "in a case involving a manifest intent to kill, because the evidence is legally insufficient to support both the crime of which the defendant was convicted—depraved indifference murder—and its lesser-included offense—manslaughter in the second degree—the only available corrective action is to reverse and dismiss the count." *Id.* at 172.

However, that is not this case. "A conviction of depraved indifference murder coupled with an acquittal of intentional murder"—the result of Petitioner's trial here—

6

"signals a jury finding that the proof was insufficient to establish an intent to kill." *Id.* Indeed, Petitioner does not argue that the evidence showed that he intended to kill the victim. And it would have been entirely sensible for the jury in Petitioner's case to conclude that Petitioner did not intend to kill where Petitioner himself claimed that he ""didn't mean to kill" the victim.

Hence Petitioner's contention boils down to an argument that because he acted with an intent to cause harm and was reckless that he would end up causing death—the *mens rea* required for first degree manslaughter, *see* N.Y. Penal Law § 125.20(1)—he could not have been convicted of the lesser included offense of second degree manslaughter. Far from showing that the evidence of his intent was insufficient to sustain his conviction, Petitioner's argument is one that his intent was more than sufficient.[1] In that case, reducing Petitioner's conviction to second degree manslaughter was hardly an "unreasonable application" of the federal constitutional right not to be convicted except on the basis of evidence beyond a reasonable doubt.

---

[1] For that reason, *People v. Pickens*, 874 N.Y.S.2d 570 (2d Dep't 2009) does not help Petitioner. In that case, the Appellate Division reduced a conviction for second degree murder to first degree manslaughter where "[t]he evidence, properly weighed, d[id] not prove beyond a reasonable doubt that the defendant intended to kill, rather than seriously injure" but did "demonstrate[] beyond a reasonable doubt that the defendant, who introduced the knife into what had been a fist fight, intended to seriously injure. . . ." *Id.* at 573. That is not a holding that the evidence could not have supported a conviction for the lesser included offense of second degree manslaughter.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation of Magistrate Judge Davison. Rodriguez's petition is DENIED. The Clerk of the Court is directed to dismiss the petition and close this case.

SO ORDERED.

Dated: New York, New York
     May 9, 2011

Richard J. Holwell
United States District Judge